UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FERMIN ALDABE,

    Plaintiff,

v.    Case No. 3:25-cv-166-MMH-MCR

ENVIRONMENTAL SERVICES,
INC. and ONEBEACON
INSURANCE GROUP, LLC,

    Defendants.

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28

U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading, Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).

On February 18, 2025, Plaintiff initiated this action by filing a three-count Complaint and Demand for Jury Trial (Doc. 1; Complaint). In the Complaint, Plaintiff asserts that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. <u>See</u> Complaint ¶ 4. Upon review, Plaintiff has failed to adequately allege the citizenship of Environmental Services, Inc. (ESI) and Onebeacon Insurance Group, LLC (Onebeacon). Accordingly, the Court is unable to determine whether it has diversity jurisdiction over this action.

As to ESI, Plaintiff alleges that it "is a corporation formed under the laws of Florida domiciled in Jacksonville[,] Florida." <u>Id.</u> ¶ 2. "The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated <u>and of the State where it has its principal place of business</u>.'" <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1))). In <u>Hertz</u>, the Supreme Court defined "principal place of business" to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities," also known as its "nerve center." <u>Id.</u> at 92–93. In practice, this normally is "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office

where the corporation holds its board meetings[.]" Id. at 93. Here, although Plaintiff alleges that ESI is incorporated in Florida, he fails to provide any information regarding ESI's principal place of business. Thus, the Court is unable to ascertain ESI's citizenship.

As to Onebeacon, Plaintiff alleges that it "is a corporation formed under the laws of Minnesota domiciled in Plymouth, Minnesota." Complaint ¶ 3. However, throughout the Complaint, Plaintiff identifies Onebeacon as a limited liability company. An unincorporated business association or entity is not a "citizen" under 28 U.S.C. § 1332(a) in its own right. See Xaros v. U.S. Fid. & Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987). Instead, "the citizenship of its members [or partners] is determinative of the existence of diversity of citizenship." Id. Therefore, to sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all members or partners of that entity. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); see also Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1089 (11th Cir. 2010); Xaros, 820 F.2d at 1181. Here, the Court is unable to determine Onebeacon's citizenship because it is unclear whether it is a limited liability company or a corporation. Accordingly, Plaintiff must identify the correct business structure of Onebeacon and, once identified, allege its citizenship based on the principles identified in this Order.

In light of the foregoing, and "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of subject matter jurisdiction[,]" see Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010), the Court will afford Plaintiff one opportunity to submit sufficient information to establish this Court's diversity jurisdiction over the instant action. Notably, this is not the first time Plaintiff has sought to bring this action. See Fermin Aldabe v. Environmental Services, Inc., et al., (Aldabe I), Case No. 3:22-cv-326-MMH-MCR. In Aldabe I, the Court twice explained to Plaintiff why his jurisdictional allegations were deficient, and gave him an opportunity to correct those deficiencies. See Aldabe I, ECF No. 4 (M.D. Fla. entered March, 24, 2022). However, Plaintiff failed to comply with the Court's directives, and the Court ultimately dismissed his complaint without prejudice for lack of subject matter jurisdiction. See Aldabe I, ECF No. 118 (M.D. Fla. entered November 4, 2024). Despite the fact that the Court has already instructed Plaintiff on the proper way to plead diversity jurisdiction, he repeats many of the same deficiencies outlined in Aldabe I in this case. In light of this history, the Court will give Plaintiff only one opportunity to cure his deficient jurisdictional allegations.

Accordingly, it is

**ORDERED:**

Plaintiff shall have up to and including **April 14, 2025**, to provide the Court with sufficient information so that it can determine whether it has subject matter jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida this 25th day of March, 2025.

                                              MARCIA MORALES HOWARD
                                              United States District Judge

Lc32

Copies to:
Pro Se Party
Counsel of Record