# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

|  |  |
|---|---|
| **FERMIN ALDABE,** | |
| **Plaintiff,** | |
| | |
| **v.** | **3:25-cv-00166-CRK-MCR** |
| **INTACT INSURANCE GROUP USA, LLC, HOMELAND INSURANCE COMPANY OF NEW YORK, and ENVIRONMENTAL SERVICES INC.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Plaintiff Fermin Aldabe ("Plaintiff") initiated this action on February 18, 2025. See Complaint, Feb. 18, 2025, ECF No. 1.  In his Second Amended Complaint, Plaintiff alleged a contractual dispute arising from Defendant Environmental Service Inc.'s ("ESI") role in evaluating Plaintiff's claimed emissions reductions from carbon forestry projects.  See Second Amended Complaint at ¶¶ 10–11, 13, 17, May 16, 2025, ECF No. 25.  On February 13, 2026, the court dismissed Plaintiff's Second Amended Complaint for failure to state a claim.  See Order Granting Motion[s] to Dismiss, Feb. 13, 2026, ECF No. 98 (the "Order").  Plaintiff now moves for reconsideration of the Order.  See Pl. Mot. for Reconsideration re [the Order], Mar. 13, 2026, ECF No. 102

**MEMORANDUM AND ORDER - 1**

**3:25-cv-00166-CRK-MCR**

("Pl. Mot."). Defendants responded on March 24, 2026, opposing Plaintiff's motion. See Defs. Resp., Mar. 24, 2026, ECF No. 104 ("Defs. Resp.").

## JURISDICTION AND STANDARD OF REVIEW

The court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a); the court retains authority to resolve Plaintiff's timely motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) because such a motion is part of the original proceeding and does not require an independent jurisdictional basis. See Banister v. Davis, 590 U.S. 504, 517–18 (2020) (a Rule 59(e) motion is part of original proceeding). Rule 59(e) affords an extraordinary remedy that courts use sparingly. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007); Fed. R. Civ. P. 59(e). Rule 59(e) confirms the district court's power to alter or amend a judgment after entry. See Fed. R. Civ. P. 59 advisory committee's note to 1946 amendment. Relief is available only for newly discovered evidence or manifest errors of law or fact. Arthur, 500 F.3d at 1343. Rule 59(e) does not permit a party to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008).

## DISCUSSION

Plaintiff moves for reconsideration, arguing that the presiding judge lacked authority to enter judgment, that dismissal in favor of litigation in the Singapore High Court was warranted, and that the court's prior stay order established "law of the case" inconsistent with dismissal. Pl. Mot. at 1–2. Defendants respond that

**MEMORANDUM AND ORDER - 2**

**3:25-cv-00166-CRK-MCR**

Plaintiff satisfies none of the requirements of Rule 59(e) because he identifies no intervening change in law, new evidence, nor clear error, and instead repeats meritless arguments, misreads a non-merits scheduling order, and seeks unavailable relief.  Defs. Resp. at 2.  For the reasons explained below, Rule 59(e) relief is unavailable.

Plaintiff's challenge to the presiding judge's authority to adjudicate this case fails.  An Article III judge sitting by designation may exercise the full judicial power of the district court in which she sits.  See 28 U.S.C. § 296 (a designated judge "shall discharge, during the period of his designation and assignment, all judicial duties for which he is designated and assigned").  Plaintiff's objections based on geography and the judge's service on another court do not alter that conclusion,[1] and Plaintiff likewise identifies no facts that would cause a reasonable observer to question the court's impartiality.  See 28 U.S.C. § 455(a); Pl. Mot. at 2–5.

Plaintiff's arguments that the forum was improper also fail.  This action was filed and decided in the Middle District of Florida, not in New York.  See No. 3:25-cv-00166-CRK-MCR (M.D. Fla.).  To the extent Plaintiff seeks litigation in a foreign tribunal, federal law provides no mechanism for transfer.[2]  Further, Plaintiff's post-

---

[1]  See 28 U.S.C. § 293(a) (authorizing the Chief Justice to "designate and assign temporarily any judge of the Court of International Trade to perform judicial duties in any circuit, either in a court of appeals or district court" upon a certificate of necessity).

[2] No statute authorizes a federal district court to transfer a case to a foreign tribunal. Sections 1404(a) and 1406(a) permit transfer only to another federal district or division, and § 1631 permits transfer only to another United States court.  See 28 U.S.C. §§ 1404(a), (c); 1631.  Further, where a litigant contends that a foreign forum is the proper venue, the available mechanism is dismissal under forum non

**MEMORANDUM AND ORDER - 3**

3:25-cv-00166-CRK-MCR

judgment forum objection is waived because Rule 59(e) does not permit a party to raise a new transfer or forum non conveniens theory that could have been asserted before judgment.  See Arthur, 500 F.3d 1335 at 1343; Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

Plaintiff's reliance on the "law of the case" doctrine is also misplaced.  The prior stay order was a procedural case management ruling, not a merits determination.  See Order Granting Defendants' Joint Motion to Stay Discovery Pending Resolution of Motions to Dismiss, No. 3:25-cv-00166-CRK-MCR (M.D. Fla.), Oct. 1, 2025, ECF No. 84.  The Order's direction that the parties file a case management report after resolution of the motions to dismiss did not decide, expressly or implicitly, that any claim would survive.  See id.  Plaintiff therefore cannot invoke law of the case, and Rule 59(e) does not permit his related request to amend or "clarify" that non-merits order.

CONCLUSION

Plaintiff has not established a basis for relief under Rule 59(e).  Plaintiff's Motion for Reconsideration is therefore denied.

/s/ Claire R. Kelly
Claire R. Kelly, Judge[*]

Dated:        April 13, 2026
             New York, New York

---

conveniens, not transfer.  Atl. Marine Constr. Co. v. U.S. Dist. Ct., 571 U.S. 49, 60–61 (2013); Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430 (2007).
[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**MEMORANDUM AND ORDER - 4**